IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  JOSE LUIS MURILLO,  Defendant. | 8:17CR286  ORDER |

This matter is before the Court on a motion (Filing No. 411) filed pro se by defendant Jose Luis Murillo ("Murillo"). Murillo reports he has "been denied Compassionate Release/Release to home Confinement pursuant to the [Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020)]." He seeks his release and the appointment of counsel to assist him with that issue.

Murillo's motion suggests two potential grounds for his release—the CARES Act and 18 U.S.C. § 3582(c)(1)(A). Neither provides a basis for relief in these circumstances.

First, Murillo specifically mentions the Bureau of Prisons' ("BOP") expanded authority under the CARES Act to authorize home confinement during the COVID-19 pandemic. Murillo contends "it would [b]etter serve the BOP if [he] w[as] [r]emoved from incarceration since [he is] a first time non-violent offender" who is unlikely to recidivate. Murillo may (or may not) have a point, but that is not the Court's call to make.

Subject to some statutory constraints not at issue here, "the BOP has plenary control" over the place of Murillo's confinement. *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)); *see also* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection [allowing home confinement] shall be construed to limit or restrict [the BOP's authority]."). And courts "have consistently held that placement questions are not reviewable." *United States v. Tuckner*, Criminal No. 16-79 (DWF), 2020 WL 4271785,

*2 (D. Minn. July 24, 2020) (collecting cases). This Court has no authority to review the BOP's denial of Murillo's request for home confinement.

Next, the gist of Murillo's motion and the cases he cites suggest he may also seek a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on the risks presented by COVID-19. That statute permits Murillo to move the Court to "reduce [his] term of imprisonment" for "extraordinary and compelling reasons." *Id.* § 3582(c)(1)(A)(i). But Murillo can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." *Id.*; *see also United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (denying a defendant's motion under § 3582(c)(1)(A) because he did not give the BOP thirty days to respond to his request for compassionate release).

Murillo states he "tried to exercise [his] [r]ights through the BOP and would like this [C]ourt to [r]ecognize this and allow a waiver of the BOP's administrative process like [*United States v. Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241, at *6 (S.D. Miss. May 1, 2020)]." But to the extent Murillo does seek relief under § 3582(c)(1)(A), he fails to show that he has satisfied either of § 3582(c)(1)(A)'s statutory prerequisites. As to Murillo's request for waiver, the Court agrees with the Third Circuit that a defendant's failure to comply with the statutory prerequisites under § 3582(c)(1)(A) "presents a glaring roadblock foreclosing compassionate release at this point." *Raia*, 954 F.3d at 597 (noting "the risks that COVID-19 poses in the federal prison system," but finding strict statutory compliance necessary, particularly given the "BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread").

Based on the foregoing, Murillo's motion for compassionate release and request for counsel (Filing No. 411) are denied without prejudice to refiling provided he can establish that either of the statutory requirements is met.

IT IS SO ORDERED.

Dated this 31st day of July 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

3